IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY KEITH GRAHAM, | ) | |
| ID # 1299695, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-1474-P (BH) |
| | ) | ECF |
| KENNETH WEATHERSPOON, | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, an inmate in the Texas prison system, filed this action against his former attorney, Kenneth Weatherspoon, under 42 U.S.C. § 1983. (Compl. at 3-4.) He claims that his attorney rendered ineffective assistance of counsel and failed to communicate with him. (*Id.* at 4.) He wants the Court to reprimand defendant and assess monetary damages against defendant to be donated to the Salvation Army Services. (*Id.*) No process has been issued in this case.

### II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. (*See* Filing Fee Order of Aug. 3, 2005.) His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). This statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal –

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

As demonstrated below, plaintiff fails to state a federal or constitutional claim against his attorney upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III. RELIEF UNDER § 1983

Plaintiff seeks monetary damages and an order of reprimand against his former attorney under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff's former attorney is not a state actor for purposes of § 1983. Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the state. In addition, there is no nexus between the State and the actions of the attorney such that the

3

attorney's actions are fairly attributable to the State. Further, plaintiff has alleged no agreement between his former attorney and any state actor to commit an illegal act. Without an allegation of some agreement between his former attorney and a state actor, plaintiff has failed to state a viable claim under § 1983 against his defense attorney, and his claims should be dismissed.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 5th day of May, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                  IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE